UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| MICHAEL WISE, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 3:15CV468-PPS |
| | ) | |
| CAROLYN COLVIN, Acting Commissioner | ) | |
| of the Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiff Michael Wise appeals the final decision of the Commissioner of Social Security denying his application for Disability Insurance Benefits under Title II and Supplemental Security Income benefits under Title XVI of the Social Security Act. [DE 1.] That decision is embodied in the written opinion of an Administrative Law Judge issued after an evidentiary hearing. Judicial review of the Commissioner's decision is limited. If an ALJ's findings of fact are supported by "substantial evidence," then they must be sustained. *See* 42 U.S.C. § 405(g); *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008).

Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Nelms v. Astrue*, 553 F.3d 1093, 1097 (7th Cir. 2009) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). In making a substantial evidence determination, I must review the record as a whole, but I can't re-weigh the evidence or substitute my judgment for that of the ALJ. *Overman*, 546 F.3d at

462. The ALJ's decision must provide an "'accurate and logical bridge' between the evidence and the conclusion that the claimant is not disabled," to enable the reviewing court to assess the Commissioner's ultimate determination as to disability. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008), quoting *Young v. Barnhart*, 362 F.3d 994, 1002 (7th Cir. 2004).

Wise was 42 at the time of his administrative hearing. [DE 11 at 17.] The ALJ found that Wise had five severe impairments: asthma, chronic obstructive pulmonary disease or COPD, obesity, sleep apnea and diabetes mellitus. [DE 11 at 15.][1] At the next step of the familiar sequential evaluation process, the ALJ determined that Wise's impairments do not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. [*Id.* at 15.] Ultimately, the ALJ concluded that, despite his impairments, Wise retained the residual functional capacity to lift 10 pounds occasionally and up to 10 pounds frequently, to stand or walk for up to 2 hours in an 8-hour workday, to sit for up to 6 hours in an 8-hour workday, to occasionally climb ramps and stairs and to stoop, kneel, crouch or crawl but never to climb ladders, ropes, or scaffolds. [*Id.* at 16.]

These findings supported the ultimate determination that Wise is not disabled because he remains capable of performing unskilled sedentary work with some

---

[1] The administrative record is found in the court record at docket entry 11, and consists of 375 pages. I will cite to its pages according to the court's Electronic Case Filing page number, rather than by the Social Security Administration's Bates stamp numbers, which don't begin until page 4 of 375 as the pages are enumerated in ECF.

environmental limitations. [*Id.*] Based on the vocational expert's testimony, the ALJ concluded that Wise is capable of performing jobs that exist in significant numbers in the State of Indiana and in the national economy. [*Id.* at 23.]

## The ALJ's Weighing of Doctors' Disability Opinions

Wise first argues that in making his decision the ALJ improperly ignored the disability opinions of a consultative examining physician and of Wise's treating physician, both of whom expressed the conclusion that Wise was unable to work. Dr. B.T. Onamusi conducted a physical consultative examination of Wise. [*Id.* at 18.] The ALJ's opinion reviews Dr. Onamusi's Internal Medicine Evaluation Report, and explains his weighing of Dr. Onamusi's conclusion this way:

> Based on the examination, Dr. Onamusi opined that the claimant was not capable of engaging in gainful employment. The undersigned gives this opinion little weight as it is entirely inconsistent with his own examination of the claimant that was relatively normal. Further, this type of opinion is reserved for the Commissioner. SSR 96-5p. Nowhere in Dr. Onamusi's opinion does it state what the claimant can or cannot specifically do, and thus Dr. Onamusi's conclusion that the claimant is not capable of engaging in gainful employment is given little weight.

[DE 11 at 19.] The ALJ must give a sufficient explanation of the weight he gives an examining doctor's disability opinion. "Although an ALJ is not required to accept the views of an agency examining physician if there is a contrary opinion from a later reviewer or other compelling evidence, the ALJ still must have a good explanation for rejecting or discounting the examining physician's opinion." *Czarnecki v. Colvin*, 595 Fed.Appx. 635, 642 (7th Cir. 2015). The legal determination whether a claimant's

3

disability qualifies him for social security benefits *is* ultimately reserved for the Commissioner, but that truism alone is not a basis on which to dismiss a physician's opinion on the subject. *Garcia v. Colvin*, 741 F.3d 758, 760 (7th Cir. 2013). So I will examine the adequacy of the other reasons the ALJ gives.

The ALJ's observation that Dr. Onamusi does not address what Wise "can or cannot specifically do" is not accurate. Dr. Onamusi's report contains a "Functional Capabilities" section in which he briefly notes Wise's abilities, including that he "is able to sit for as long as he needs to, stand 20 minutes and walk a block and lift about 5-10 pounds." [DE 11 at 300.] This section of the report notes that Wise can do "limited light housework and laundry," that he can grocery shop with the use of a scooter, and that he drives and is capable of personal grooming. [*Id*.] Only one disability is mentioned under "Functional Capabilities," namely that Wise avoids bending because it aggravates his breathing problems. [*Id*.] Dr. Onamusi also notes that Wise "reports having daily intermittent but frequent symptoms with ordinary activities like doing housework for about 5 minutes at a time or walking half a block to one block." [*Id.* at 299.] In the "Physical Examination" section of the report, the doctor describes Wise's musculoskeletal abilities, such as squatting, kneeling, grip strength and manipulation skills. [*Id.* at 300-01.] The ALJ's curt dismissal of Dr. Onamusi's opinion for lack of functional capacity determinations is not an accurate characterization. If the ALJ's concern was with the adequacy or accuracy of Dr. Onamusi's functional capacity

4

determinations, the ALJ did not state his rationale in those terms and did not provide an explanation to support it.

The ALJ's final basis for rejecting Dr. Onamusi's disability opinion is that it was inconsistent with the doctor's own examination, which can be a reasonable explanation for giving little weight to his opinion that a claimant is disabled. *Minnick v. Colvin*, 775 F.3d 929, 938 (7th Cir. 2015); *Givens v. Colvin*, 551 Fed.Appx. 855, 860 (7th Cir. 2013). But the ALJ overstates the case when he says that Dr. Onamusi's disability conclusion is "entirely inconsistent" with an examination that was "relatively normal." [DE 11 at 19.] Wise's obesity – at 6'1" he then weighed 418 pounds – is not "relatively normal." [*Id.* at 300.] Nor was his pulmonary function as reflected in testing performed in connection with Dr. Onamusi's examination, showing that Wise's "Lung Age is 98." [*Id.* at 297.] Dr. Onamusi assessed Wise as having "chronic obstructive pulmonary disease with moderate to severe functional impairment" and noted Wise's dependency on 24-hour oxygen. [*Id.* at 301.] The ALJ's discussion of Dr. Onamusi omits consideration of the results of the pulmonary function laboratory testing that was performed in connection with Dr. Onamusi's examination. Dr. Onamusi's disability opinion is not "entirely inconsistent" with Wise's COPD, requiring 24-hour supplemental oxygen, coupled with his obesity, causing daily symptoms with minimal exertion such as 5 minutes of housework or walking one block. The ALJ's dismissal of Dr. Onamusi's conclusions is not adequately supported or explained, warranting a remand to the Commissioner.

5

Michael R. Helms, M.D. was claimant's treating physician, who opined that Wises's medical conditions rendered him "completely unable to be gainfully employed at this time in (sic) a sustained 8 hour a day 5 day a week basis." [DE 11 at 318.] As to Dr. Helms' opinion, the ALJ wrote: "The undersigned gives this opinion little weight, as this type of opinion is reserved for the Commissioner. SSR 96-5p. Nowhere in Dr. Helms' opinion does it state what the claimant can or cannot specifically do, and thus Dr. Helms' conclusion that the claimant is not capable of engaging in gainful employment is given little weight." [DE 11 at 20.] Again, that the ultimate disability determination is reserved for the Commission is not, and could not possibly be, a basis for entirely discounting physician opinions as to a claimant's disability. If the ALJ's rejection of Helms' opinion is to hold up, it must be on the basis of other reasons the ALJ provided.

Greater weight is generally accorded the medical opinions of treating physicians "because they are most familiar with the claimant's conditions and circumstances." *Israel v. Colvin*, 840 F.3d 432, \_\_\_\_ (7th Cir. 2016). An ALJ must provide sound reasons for discounting the disability opinion of a treating physician. *Moore v. Colvin*, 743 F.3d 1118, 1127 (7th Cir. 2014). As with Dr. Onamusi, the ALJ cites Helms' failure to identify particular functional capacities. The document in which Dr. Helms expresses his disability opinion is a one-paragraph "Brief Note" addressed "To Whom It May Concern," not a detailed report. Dr. Helms cites Wise's "diagnoses of severe COPD which is oxygen dependent, morbid obesity, restrictive lung disease, hypertension,

sleep apnea, hypercholesterolemia, Bell's palsy." [DE 11 at 318.] It is true that Dr. Helms' note does not contain specific supportive findings concerning the functional limitations Wise's conditions cause. But the records of Dr. Helms' treatment of Wise may provide objective medical evidence to support Helms' conclusion, and the ALJ's summary rejection of Helms' opinion fails to indicate whether the ALJ considered that possibility. Given the deference afforded to treating physicians, the ALJ "was required to explicitly consider the details of the treatment relationship and explain the weight he was giving the opinion." *Meuser v. Colvin*, 838 F.3d 905, 912 (7th Cir. 2016). Failure to do so is cause for remand. *Scott v. Astrue*, 647 F.3d 734, 740 (7th Cir. 2011).

Given the agreement between treating physician Dr. Helms and consultative examiner Dr. Onamusi that Wise is unable to perform gainful employment, the ALJ's slim explanation of his rejection of this conclusion is not adequate to support his disability determination, and warrants a remand. The Commissioner's decision "cannot stand if it lacks evidentiary support or an adequate discussion of the issues." *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003).

## The ALJ's Evaluation of Credibility

Next Wise challenges the ALJ's credibility determination. The ALJ's opinion outlines five factors he says "weigh against the credibility of the claimant's allegations that his impairments are so severe that they cause him to be unable to work." [DE 11 at 21.] First, the ALJ cites Wise's intentional non-compliance with prescribed treatments (prescriptions and the use of a CPAP machine at night) so as to present the severest

7

possible symptoms for purposes of his disability application. [*Id*.] This is based on the records from Wise's visit to the emergency room one week before the ALJ's hearing. Progress Notes attributed to two nurses and one ER physician reflect that Wise expressly acknowledged having stopped taking his medication and wearing the CPAP at night so as not to be too healthy to get disability. [*Id*. at 348, 349.] The ALJ describes this as "a deceitful attempt in trying to obtain disability," and concludes that Wise's "impairments are not as severe as he alleges as he is purposely being non-compliant with his treatment and medication regimen to intentionally increase the severity of his symptoms." [*Id*. at 21.] I can't find any fault with this analysis.

A federal court reviewing an ALJ's credibility determination overturns it only if it is "patently wrong." *Craft v. Astrue*, 539 F.3d 668, 678 (7th Cir. 2008). In applying that standard, a reviewing court "merely examine[s] whether the ALJ's determination was reasoned and supported." *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008). In view of Wise's duplicitous attempt to exaggerate his symptoms, the ALJ's skepticism about Wise's credibility is not patently wrong. But some of the other factors the ALJ cites are less pertinent or less persuasive concerning Wise's credibility. Because the case is being remanded on other grounds, I will address my concerns with those portions of the ALJ's credibility analysis.

The second factor the ALJ lists as weighing against Wise's credibility is that Wise continued to smoke despite doctors' recommendations to stop. [DE 11 at 21.] As the Seventh Circuit has noted, a claimant's persistence in smoking is "an unreliable basis on

which to rest a credibility determination." *Shramek v. Apfel*, 226 F.3d 809, 813 (7th Cir. 2000). "Given the addictive nature of smoking, the failure to quit is as likely attributable to factors unrelated to the effect of smoking on a person's health." *Id*. Wise accurately points out that the ALJ did not acknowledge his efforts to stop smoking, or the fact that "no doctor prescribed any method to quit smoking except going cold turkey." [DE 16 at 23.] In a similar *non sequitur*, the ALJ lists Wise's obesity itself, without explanation, as a factor weighing against Wise's credibility. [DE 11 at 21.] Smoking and obesity are obviously injurious to Wise's health, and must be considered by the Commissioner according to applicable regulations in the assessment of Wise's health and the determination of his disability. But in and of themselves, the facts that Wise smokes and is obese do not detract from his credibility as a witness, and should not be relied upon in that way.

## Conclusion

Because the ALJ has not adequately explained and supported his rejection of the opinion of two examining physicians, including Wise's treating doctor, that he is medically disabled from gainful employment, the Commissioner's decision must be reversed and remanded.

ACCORDINGLY:

The final decision of the Commissioner of Social Security denying plaintiff Michael Wise's applications for Disability Insurance Benefits and Supplemental Security Income is REVERSED, and the matter is REMANDED to the Commissioner for further

9

consideration consistent with this opinion, pursuant to sentence four of 42 U.S.C. section 405(g).

The Clerk shall enter judgment in favor of plaintiff Wise and against the Commissioner.

**SO ORDERED**.

ENTERED: November 28, 2016

                                                /s/ Philip P. Simon
                                                **PHILIP P. SIMON, CHIEF JUDGE**
                                                **UNITED STATES DISTRICT COURT**